NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK D. ELLIS,<br><br>    Petitioner,<br><br>v.<br><br>LYDELL SHERRER, Administrator, Northern State Prison, and PETER C. HARVEY, Attorney General of New Jersey,<br><br>    Respondents. | Civ. No. 03-69 (WGB)<br><br>**O P I N I O N** |

**APPEARANCES:**

Derrick D. Ellis
#235683
Toler Hall
20 Toler Place
Newark, New Jersey 07114

    Petitioner *pro se*

Michael J. Williams, Esq.
Office of the New Jersey Attorney General
Division of Criminal Justice
Appellate Bureau
P.O. Box 086
Trenton, New Jersey 08625

    Attorney for Respondents

**BASSLER, SENIOR DISTRICT JUDGE:**

    Alleging illegal consecutive sentencing structure, disparate treatment, and ineffective assistance of appellate counsel, petitioner Derrick D. Ellis ("Petitioner") moves for federal

habeas corpus relief pursuant to 28 U.S.C.A. § 2254.  In particular, Petitioner argues that violations of his constitutional Sixth, Eighth, Fourteenth and due process rights merit his early release from parole.  For the following reasons Petitioner's request is denied.

## I. Background and Procedural History

In 1991 and in New Jersey state court, Petitioner was convicted of perpetrating two, separate, first-degree armed robberies against the same sixty year old female victim.  Due to the nature of the crimes the trial judge committed Petitioner to two consecutive sentences, one of twenty years, conditioned by ten years of parole ineligibility, and another of fifteen years "flat."  Importantly, the trial court unequivocally stressed that Petitioner serve the twenty year term only after the expiration of his fifteen year term.  In response, Petitioner, in 1993: (i) directly appealed his conviction and; (ii) argued that the trial judge, by ignoring important mitigating factors miscalculated the length of his sentence.  The Appellate Division dismissed both arguments.

Subsequently, and in separate state court proceedings, Petitioner filed two claims for post conviction relief.  The first, alleging ineffective assistance of trial counsel, was denied by the New Jersey Appellate Division.  State v. Ellis, No.A-315796T4 (App. Div. June 18, 2001).  With this first claim

pending, Petitioner in 1999, filed his second claim for post conviction relief, this time, challenging the legality of his sentencing structure.

It was during this second post-conviction hearing, that Petitioner claimed that the trial judge, imposed an illegal consecutive sentence. Specifically, Petitioner argued that the trial judge, by requiring that Petitioner first serve fifteen years "flat," violated the Federal Comprehensive Crime Control Act of 1984 ("FCCA"), 28 U.S.C. § 991 as adopted by New Jersey in State v. Lane. State v. Ellis, 346 N.J. Super. 583, 592 (App. Div. 2002). Petitioner argued that in Lane, New Jersey expressly assumed § 991's consecutive sentencing structure, requiring prisoners serving consecutive sentences to serve the longer sentences first. Petitioner argued that because he was directed to serve his shorter sentence first, he was condemned to serve a sentence, which wrongfully delayed the date of his parole eligibility.[1] The State Appellate Division, ultimately rejected this argument. State v. Ellis, 346 N.J. Super. 583, 788 A.2d 849 (App. Div. 2002). Specifically, the Ellis court found that Lane, the case on which Petitioner relied, was a misinterpretation of

---

[1] According to Petitioner, if the trial court had directed Petitioner to serve his twenty year sentence first, the date of his parole eligibility, (after subtracting "good time" credits, work credits etc.), would have been April 7, 2000. Serving his time, beginning with the fifteen year sentence, however, would yield Petitioner at the earliest, a parole eligibility date of May 1, 2003.

3

New Jersey's own consecutive sentencing guidelines. Consequently, Lane was overturned. Particularly important in Ellis were the holdings that i) New Jersey *never* adopted the guidelines of 28 U.S.C. § 991, and ii) New Jersey courts have general discretion "as to consecutive or concurrent sentences." Ellis at 590-94 (citing State v. Yarbough, 100 N.J. 627, 498 A. 2d 1239). Based on these holdings, Petitioner's second request for post-conviction relief was also dismissed.

Petitioner now seeks federal habeas relief in this Court, arguing that because he was denied effective assistance of counsel at the appeal stage; because his sentencing structure is illegal and; because the length of his detention is longer than those convicted of the same offense, his Sixth, Eighth, Fourteenth, and due process rights were violated.

**II. Discussion**

**A. Standing**

Because the purpose of habeas corpus is to protect individuals from "wrongful restraints on their liaberty [sic]" Jones v. Cunningham, 371 U.S. 236, 243 (1963), habeas petitioners "free" on parole nevertheless have standing to challenge their parole.

**B. Jurisdiction**

28 U.S.C.A. § 2241 (c)(3) authorizes federal courts to issue writs of habeas corpus if one is held in a manner or for reasons

4

contrary to the Constitution. However, applications for federal writs of habeas corpus subsequent to state court convictions "shall not be granted unless...the applicant has exhausted [all legal] remedies available in the courts of [that] State." 28 U.S.C. § 2254(b)(1)(A).

Petitioner's failure to specifically allege in state court each Constitutional violation currently at issue, renders Petitioner's available state court remedies unexhausted. Nevertheless, because Petitioner's application for habeas corpus will be denied on its merits, this Court has jurisdiction pursuant to 28 U.S.C.A. 2254 (b)(2).

### C. Petitioner's Sixth Amendment Claim

Petitioner argues that his Sixth Amendment right to effective counsel was denied through his appellate counsel's failure to evoke the Federal Comprehensive Crime Control Act of 1984, 28 U.S.C. § 991.

In order to prevail on such an allegation, a claimant must show first that appellate counsel committed such egregious errors as to not even function "as the 'counsel' guaranteed [him]...by the Sixth Amendment"; and second, that appellate counsel's "deficient performance" deprived him of a fair trial with a reliable verdict. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Even the most woefully preventable errors however, will not

support an ineffective assistance of counsel claim if those errors ultimately "had no effect on the [case's] judgment." Id. at 691. In short, to succeed on an ineffective assistance of counsel claim one must show that the *sine qua non* of his detainment was his counsel's faulty performance.

According to Petitioner, if not for appellate counsel's failure to evoke federal consecutive sentencing standards, his parole term would have started earlier and therefore ended earlier. The record itself, however, strongly contradicts this argument. In December 1991, Petitioner filed his direct appeal. In 1995 New Jersey as a result of Lane adopted federal consecutive sentencing standards. What ultimately exonerates appellate counsel from Petitioner's Sixth Amendment claim is that Lane, was decided four years *after* Petitioner's direct appeal. Clearly, appellate counsel could not have effectively asserted certain federal sentencing standards when those standards had yet to be adopted.

Even assuming that appellate counsel had included federal consecutive sentencing guidelines in his appeal, there is no evidence to suggest that counsel would have prevailed as a result. To assume otherwise amounts to unfounded speculation. Furthermore, New Jersey adheres to its own sentencing principles. As a result, the logic behind arguing exclusively federal sentencing guidelines in New Jersey state court seems highly

6

questionable. Consequently, appellate counsel's failure to raise the FCCA appears more a prudent legal strategy, than an incompetent one. See <u>Jones v. Barnes</u>, 463 U.S. 745 753 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments...in a verbal mound...of strong and weak contentions.") The court's "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" <u>Strickland</u> at 669, suggests also that a court may equate appellate counsel's non-prejudicial, omissions to sound legal strategy.

The non-prejudicial effect of appellate counsel's failure to argue federal sentencing guidelines, coupled with that argument's dubious applicability in New Jersey court compels this Court to deny Petitioner's Sixth Amendment ineffective assistance of counsel claim.

### D. Petitioner's Eighth and Fourteenth Amendment Claims

The crux of Petitioner's habeas argument is the trial judge's allegedly unconstitutional breach of the federal consecutive sentencing guidelines set out by the FCCA. Petitioner avers that by directing him to serve the shorter of his two sentences first the sentencing judge "went outside the sentence [sic] guidelines to violate [his] due process" (Compl. at 4). Petitioner also argues that because the order of his sentences compelled him to serve "37 more months...than any other inmate

7

with the same sentence" (Compl. at 5)[2], his Fourteenth Amendment equal protection rights were violated. Similarly, Petitioner argues that these thirty seven "extra months" constitute Eighth Amendment cruel and unusual punishment. To prevail on any of these claims Petitioner must show that pursuant to 28 U.S.C. § 2254(d)(1) his detention was "contrary to, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States."

Although some states have applied various federal sentencing provisions to their own state sentencing guidelines, many states have not. New Jersey is one of those many states. See State v. Ellis at 590-94. Whatever consecutive sentencing restrictions there are in New Jersey derive solely from the State Supreme Court's decision in State v. Yarbough. Ellis at 590-94. Plainly stated, "Yarbough...did not adopt the guidelines utilized under the Federal Comprehensive Crime Control Act." Id. at 592. Petitioner's only argument, then, is that the wide discretion Yarbough affords New Jersey courts is unconstitutional.

Petitioner was convicted on two separate counts of first degree armed robbery. According to N.J.S.A 2C:43-6(a)(1), the penalty for such a crime is a prison term fixed between 10 and 20

---

[2] Petitioner argues that because he was required to serve the lesser of his two consecutive sentences first he was denied the use of certain "good time" and work credits the result of which, Petitioner alleges, compelled him to serve an "extra" thirty-seven months.

8

years. Consistent, with N.J.S.A. 2C:43-6(a)(1) Petitioner was sentenced to consecutive terms of fifteen years "flat" and twenty years with a ten-year mandatory minimum.

Because, States generally enjoy full control over matters of procedure in their courts, 21A Am. Jur. 2d *Criminal Law* § 942, and because "sentencing is a matter of state criminal procedure," Simmons v. Avorino, 796 F.Supp. 777, 794 (D.N.J. 1992)(citing Jones v. Superintendent Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir.1984)), Petitioner's challenge of state sentencing policy is not cognizable in federal Court. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); Pully v. Harris, 465 U.S. 37, 41 (1984). Only if Petitioner's particular sentencing structure exceeded its statutory limits would the Court consider Petitioner's habeas motion. See Simmons at 794; Lu v. Portuondo, 2003 WL 22956996, at *12-13 (E.D.N.Y. 2003); Vliet v. Renico, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002); Towsend v. Burke, 334 U.S. 736, 741 (1948). That said, both of Petitioner's sentences fell within New Jersey's statutory limits according to N.J.S.A 2C:43-6(a)(1). Furthermore, the fact that Petitioner was sentenced to a combined term of thirty-five years when he could have legally been sentenced to a term of forty years arguably suggests leniency on the trial judge's part.

9

### III. Conclusion

For the reasons stated above, this court finds no support for Petitioner's Sixth, Fourteenth or Eighth Amendment claims. Accordingly Petitioner's request for habeas corpus is denied.

/s/ William G. Bassler
WILLIAM G. BASSLER, U.S.S.D.J.

Dated: August 30, 2005